This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                            **NO. 30,959**

**EDWARD SOTO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Chief Judge.**

Police seized drug paraphernalia and weapons after searching a residence. These items formed the basis for the instant criminal proceedings. Defendant moved to suppress, challenging the validity of the search. The district court denied the motion. For the reasons that follow, we affirm.

**BACKGROUND**

On September 26, 2009, Defendant was staying in a residence leased by Michelle Johnson and Robert DeLeon. Shortly after midnight Officer Blevins and Sergeant Cunningham approached the residence and obtained the lessees' permission to conduct a search.

For the purposes of the present appeal, only a portion of the residence is of significance. The officers described the area in question as a large common room, into which one stepped immediately upon entering the residence. This common room was comprised of two adjacent areas, which might be loosely described as the northern and southern living rooms. Defendant had been sleeping on a mattress on the floor in the northern living room. The area had not been segregated in any way from the rest of the common living space. A couch, desk, and computer were also located in the immediate vicinity. Despite Defendant's presence, his consent to search the area was not sought.

Ultimately, the search of the living room and adjacent closet yielded drug paraphernalia and firearms. Defendant admitted that one or more of the items seized were his.

Below, Defendant moved to suppress on grounds that the warrantless search of the residence was unconstitutional. The district court denied the motion. This appeal followed.

**STANDARD OF REVIEW**

When reviewing the denial of a motion to suppress, "[w]e view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. "All reasonable inferences in support of the district court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (alterations omitted) (internal quotation marks and citation omitted). "Whether a search or seizure is reasonable is a mixed question of fact and law" that we review de novo. *State v. Ulibarri*, 2010-NMCA-084, ¶ 7, 148 N.M. 576, 240 P.3d 1050.

**DISCUSSION**

**Standing**

The threshold question raised by the State is whether Defendant has standing to challenge the constitutionality of the search. Defendant's standing depends on whether he has a reasonable expectation of privacy in the place searched. *State v. Zamora*, 2005-NMCA-039, ¶ 10, 137 N.M. 301, 110 P.3d 517.

This Court has previously recognized that an individual's status as a permissive overnight houseguest is generally sufficient to confer standing. *See id.* ¶¶ 10-14 (discussing authorities including *Minnesota v. Olson*, 495 U.S. 91 (1990)). In an apparent effort to distinguish this case, the State suggests that the evidence failed to establish that Defendant was an overnight guest.

Defendant's status as an overnight guest was not the subject of direct testimony below. However, Johnson told the officers that some people had been staying at the house for a few days. Although she did not specifically identify him by name, Defendant and his girlfriend appear to be the only people to whom Johnson could reasonably have been referring. The circumstantial evidence is also compelling. The search was conducted shortly after midnight, and when Officer Blevins entered the residence, Defendant was lying on a makeshift bed on the floor in what appeared to be the living room of the home. In our estimation, Defendant's status as an overnight guest was the only reasonable inference to be drawn from this uncontradicted evidence. *See generally Jason L.*, 2000-NMSC-018, ¶ 11 (observing that, although

4

a reviewing court generally indulges all reasonable inferences in support of a ruling on a motion to suppress, we nevertheless presume the district court believed uncontradicted evidence); *Zamora*, 2005-NMCA-039, ¶ 8 (quoting *Jason L.* for the same proposition). We therefore decline the State's invitation to affirm for want of standing.

**Consent**

Defendant contends that the warrantless search of the residence and the ensuing seizure of evidence was invalid.

A warrantless search of a home is "presumptively unreasonable, subject only to a few specific, narrowly defined exceptions." *State v. Ryon*, 2005-NMSC-005, ¶ 23, 137 N.M. 174, 108 P.3d 1032. "One of the settled exceptions to the warrant requirement is consent." *State v. Flores*, 2008-NMCA-074, ¶ 12, 144 N.M. 217, 185 P.3d 1067.

In this case the State relies on consent obtained from Johnson and DeLeon, one or both of whom leased the house and resided there. To the extent that they had common authority over the area in question, their consent is sufficient to validate the search. *See State v. Duffy*, 1998-NMSC-014, ¶ 66, 126 N.M. 132, 967 P.2d 807 ("An individual has authority to consent to the search of a dwelling if that person actually possesses the property or has common authority with others who are in possession."),

*modified on other grounds by State v. Gallegos*, 2007-NMSC-007, 141 N.M. 185, 152 P.3d 828. "In this context, common authority is defined as mutual use of the property by persons generally having joint access or control for most purposes." *State v. Ryan*, 2006-NMCA-044, ¶ 29, 139 N.M. 354, 132 P.3d 1040 (internal quotation marks and citation omitted).

As previously mentioned, the specific area at issue in this case comprised a portion of a common room into which one stepped immediately upon entering the residence. There was no door, wall, or other partition separating this area from the rest of the living room. The area contained typical living room furnishings such as a couch, desk, and computer. Neither Defendant nor any other witness testified that the area was reserved for Defendant's exclusive use. We conclude that under such circumstances, the district court could reasonably have inferred that Johnson and DeLeon, as lessees and residents, had joint access or control for most purposes over this common area, such that their consent validated the search. *See State v. Diaz*, 1996-NMCA-104, ¶ 16, 122 N.M. 384, 925 P.2d 4 (observing that co-occupants share common authority to consent to search common areas of a residence); *see generally State v. Lopez*, 2005-NMSC-018, ¶ 9, 138 N.M. 9, 116 P.3d 80 ("[W]e must draw all reasonable inferences in support of the district court's denial of [the d]efendant's motion to suppress and defer to the district court's determination of the facts.").

In an effort to avoid the foregoing result, Defendant attempts to analogize this case to *Diaz*, arguing that he had a "superior privacy right" in the area. However, the area at issue in *Diaz* was a discrete space separated from the rest of the home by walls and a doorway, which was specifically and exclusively utilized by the homeowner's adult son as his bedroom. 1996-NMCA-104, ¶¶ 5, 15. Under the circumstances, the son "had far greater access and control and a superior privacy interest," *id.* ¶ 16, such that the homeowner did not have common authority over the bedroom. In this case, by contrast, the area in which Defendant was sleeping was not partitioned from the rest of the home in any way. Nor did the evidence establish that the area was set aside for Defendant's private use. To the contrary, as previously stated it appears to have constituted a common area. As *Diaz* itself reflects, co-occupants may reasonably be said to assume the risk that others might consent to the search of such common areas. *Id.* We therefore reject Defendant's claim to a superior privacy interest in the area.

We also understand Defendant to suggest that the doctrine of common authority should be deemed inapplicable to the extent that a search of Defendant's personal belongings or possessions is at issue. However, this case involves the search of a residence, which *yielded* certain incriminating personal possessions. We find no indication that a search *of* Defendant's personal belongings or possessions occurred. We therefore remain of the opinion that the doctrine of common authority is both fully

applicable and ultimately determinative.

**CONCLUSION**

For the foregoing reasons, we conclude that Defendant's motion to suppress was properly denied. We therefore affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**